Matter of Genova (2022 NY Slip Op 04548)

Matter of Genova

2022 NY Slip Op 04548

Decided on July 13, 2022

Appellate Division, Second Department

Per Curiam.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 13, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
COLLEEN D. DUFFY
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.

2020-02391

[*1]In the Matter of Leonard Genova, an attorney and counselor-at-law. Grievance Committee for the Tenth Judicial District, petitioner; Leonard Genova, respondent. (Attorney Registration No. 2311926.)

DISCIPLINARY PROCEEDING instituted by the Grievance Committee for the Tenth Judicial District. The Grievance Committee commenced a disciplinary proceeding pursuant to 22 NYCRR 1240.8 against the respondent by serving and filing a notice of petition and a verified petition, both dated March 2, 2020, and the respondent served and filed a verified answer dated May 22, 2020. The Grievance Committee filed a statement of disputed and undisputed facts dated June 11, 2020, to which the respondent filed a response. By decision and order on application of this Court dated August 6, 2020, the issues raised were referred to the Honorable Elaine Jackson Stack, as Special Referee, to hear and report. By decision and order on motion of this Court dated December 31, 2020, the matter was reassigned to John J. Halloran, Jr., as Special Referee, to hear and report. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on February 7, 1990.

Catherine A. Sheridan, Hauppauge, NY (Rachel Merker of counsel), for petitioner.
Michael S. Ross, New York, NY, for respondent.

PER CURIAM.

OPINION & ORDER
The Grievance Committee for the Tenth Judicial District served the respondent with a verified petition dated March 2, 2020, containing three charges of professional misconduct. By virtue of his verified answer dated May 22, 2020, the respondent admitted the factual specifications underlying the charges. After a hearing on October 30, 2020, before the Honorable Elaine Jackson Stack, and a subsequent hearing before Special Referee John J. Halloran, Jr., on March 18, 2021, Special Referee Halloran submitted a report dated May 3, 2021, in which he sustained all charges. The Grievance Committee now moves to confirm the Special Referee's report and to impose such discipline upon the respondent as the Court deems just and proper. The respondent has submitted an affirmation of counsel in response, together with a memorandum of law, in which he does not oppose the findings of the Special Referee that sustained the charges, and requests that the Court, in view of the mitigating circumstances presented, impose a one-year suspension.
The Petition 
Charge one alleges that the respondent engaged in conduct involving dishonesty, [*2]fraud, deceit, or misrepresentation, in violation of rule 8.4(c) of the Rules of Professional Conduct (22 NYCRR 1200.0), based upon the following factual specifications:
From in or about 1992 through 2017, the respondent held various positions in the Town of Oyster Bay, as follows: in or about March 1992, the respondent was hired as an Assistant Town Attorney; in or around 1994, he was promoted to Deputy Town Attorney; from 1998 through 2002, he served as special counsel to the Town Supervisor; in or around October 2002 through 2010, he was appointed as Deputy Town Supervisor; from 2010 until his resignation in January 2017, he held the position of Town Attorney while continuing to perform the functions of the Deputy Town Supervisor.
Town Contracts 
At all relevant times, pursuant to Town policy, "Requests for Proposals" (hereinafter RFPs) were utilized when Town departments wanted to retain individuals or companies to provide various professional services and certain other services requiring special or technical skills, training, or expertise. Once drafted, RFPs would be sent to interested persons, posted on the Town's website and bulletin boards, and/or otherwise advertised. Department heads would review proposals received in response to an RFP, rank the proposals in order of qualifications, and make recommendations to the Town Board.
During his tenure as an employee with the Town, the respondent, together with others, tailored RFPs to give an advantage to predetermined service providers who were typically political contributors. One such individual was Harendrah Singh, a concessionaire with the Town who ran concessions at the Town of Oyster Bay Golf Course (hereinafter the golf course) and Tobay Beach. Between 1998, when Singh was awarded his first RFP, through 2008, the respondent would meet with Singh so that Singh could assist in tailoring RFPs for the golf course and Tobay Beach. As a result, Singh obtained an advantage over others in the RFP process.
In or about 2005, in connection with an RFP that Singh was proposing for Tobay Beach, the respondent consulted with the Town's outside counsel who advised him that meeting with Singh prospectively to draft RFPs was inappropriate. Notwithstanding, the respondent thereafter continued to meet with Singh to tailor RFPs based on Singh's requests.
In 2008, Singh was granted an RFP to extend the length of Singh's contract to 40 years for Tobay Beach and 50 years for the golf course. No other vendor or contractor had similar terms.
Loan Guarantee 
In or about January 2010, the respondent learned that Singh was experiencing problems obtaining financing needed for capital improvements at the golf course and Tobay Beach. In or about February 2010, the respondent met with Singh and others, wherein Singh advised that he needed the Town to assist him with the bank loans so that he could get financing. Thereafter, the respondent and others discussed the possibility that the Town would act as guarantor for Singh in potential loan agreements. In or about March 2010, the respondent sought advice from the Town's outside counsel regarding the legality of the Town acting as a guarantor on the loans for Singh. Outside counsel recommended against the Town becoming a guarantor on any loans to Singh. Notwithstanding, the Deputy Town Attorney, with the respondent's approval, drafted a resolution that authorized the Town to assist Singh in obtaining financing for capital improvements to the golf course and Tobay Beach.
On June 8, 2010, the resolution was adopted by the Town Board and thereafter, Singh obtained loans to make capital improvements to the golf course and Tobay Beach. The respondent, on behalf of the Town, signed documents known as "default assignment of concession proceeds," which guaranteed that the loans made to Singh would be paid to the lender by the Town in the event of a default by Singh. These agreements were called "indirect loan guarantees."
Bribes 
During his tenure as an employee with the Town, and in connection with transactions the respondent engaged in, including the RFP process and the indirect loan guarantees, the respondent accepted bribes from Singh, which included free car service rides for the respondent and his family members, free meals, and discounts for events the respondent held at Singh's facilities.
Charge two alleges that the respondent engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation, in violation of rule 8.4(c) of the Rules of Professional Conduct (22 NYCRR 1200.0), based upon the following factual specifications:
In addition to the factual specifications of charge one, from 2010 to 2017, the Town's [*3]cash flow decreased significantly until the Town was running a deficit. During this time period, the Town engaged in short-term borrowing in the form of municipal bonds. The municipal bond offering documents included official statements which contained information investors would use to assess the Town's creditworthiness, and required the disclosure of, among other things, the existence of any indirect loan guarantees as contingent liabilities and/or possible litigation. The respondent, while assisting in preparing these official statements, knowingly failed to include the existence of the indirect loan guarantees for Singh's loans.
Additionally, from 2010 through 2015, the respondent knowingly failed to disclose the existence of the indirect loan guarantees as contingent liabilities and/or possible litigation in response to requests from the Town's auditors and financial advisers; in response to requests from various bond underwriters, and to the investing public. Further, although each bond offering's official statement contained a statement that it "does not contain any untrue statement of material fact or omit[ ] to state a material fact necessary to make the statements therein . . . [and] the undersigned does not believe any information is materially inaccurate or misleading," the respondent signed those statements knowing they contained untrue statements and omitted material facts.
Charge three alleges that, based on the factual specifications set forth in charges one and two, the respondent engaged in conduct adversely reflecting on his fitness as a lawyer, in violation of rule 8.4(h) of the Rules of Professional Conduct (22 NYCRR 1200.0).
Findings and Conclusion 
In view of the respondent's admissions and the evidence adduced at the hearing, we find that the Special Referee properly sustained all charges. Accordingly, the Grievance Committee's motion to confirm the report of the Special Referee is granted.
In determining an appropriate measure of discipline, the respondent requests that the Court consider, inter alia, his remorse and accountability for his actions, including his cooperation with both criminal and disciplinary authorities, and his good character. Notwithstanding the mitigation advanced, we find that the respondent committed serious misconduct by engaging in long-term corruptive practices as a public official for personal and professional benefit. Indeed, for years the respondent routinely consulted with Singh, who at the relevant times was vying for government contracts, and did so to ensure Singh's success in obtaining those contracts. By orchestrating indirect loan guarantees by the Town, the respondent assisted Singh in obtaining loans for millions of dollars, which he otherwise was unqualified to receive. In the process, the respondent jeopardized the financial well-being of the Town. In exchange, the respondent received thousands of dollars in bribes from Singh through free meals, transportation, and use of rental facilities. Finally, we find the fact that the respondent committed the misconduct while serving as a public official to be a significant aggravating factor, as such actions inflict substantial damage upon the public's trust in the integrity of lawyers, government officials, and our system of governance.
Under the totality of the circumstances, we find that disbarment is warranted.
LASALLE, P.J., DILLON, DUFFY, BARROS and CONNOLLY, JJ., concur.
ORDERED that the Grievance Committee's motion to confirm the Special Referee's report is granted; and it is further,
ORDERED that the respondent, Leonard Genova, is disbarred, effective immediately, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,
ORDERED that the respondent, Leonard Genova, shall promptly comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, effective immediately, the respondent, Leonard Genova, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Leonard Genova, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Maria T. Fasulo
Clerk of the Court